UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.

HEIDI WASHINGTON, et. al.,

    Defendants.
_____/

Case No. 2:19-cv-10247

Paul D. Borman
United States District Court

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT (ECF NO. 1)

### I. INTRODUCTION

This case is on remand from the United States Court of Appeals for the Sixth Circuit. Before the Court is Plaintiff Anthony Meeks' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Cotton Correctional Facility in Jackson, Michigan. The Court has reviewed the complaint and now DISMISSES IT IN PART.

### II. STANDARD OF REVIEW

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

*Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that while he was incarcerated at the Macomb Correctional Facility in New Haven, Michigan, his prison cell was searched by defendants Warner and Gretten, who are corrections officers at the prison. Plaintiff was issued a prison misconduct ticket for possession of marijuana. Plaintiff claims that the marijuana belonged to another prisoner. Plaintiff was nonetheless found guilty of prison misconduct. Plaintiff was sanctioned with loss of disciplinary credits, was placed in segregation, and lost additional privileges. Plaintiff claims that he was not afforded due process at the misconduct hearing because he was not permitted to present exculpatory evidence or witnesses at the hearing. Plaintiff unsuccessfully sought review of the prison misconduct hearing in the Ingham County Circuit Court.

Plaintiff further claims that subsequent to being found guilty of the misconduct, a security reclassification hearing was conducted, at which the Deputy Warden Jenkins-Grant and Defendants Gleason and Levine ordered that plaintiff's security classification level be increased. Plaintiff claims that these defendants based their decision on the erroneous belief that plaintiff had been convicted of smuggling, when he had, in fact, been convicted only of substance abuse. Plaintiff brought this

to the defendants' attention and they acknowledged their mistake, but according to plaintiff, they did not return him to his old security classification.

Plaintiff seeks monetary and injunctive relief. Plaintiff names Heidi Washington, the director of the Michigan Department of Corrections, the former warden of the Macomb Correctional Facility, whom he identifies only as John Doe, Deputy Warden R. Jenkins-Grant, Sergeant Warner, Corrections Officer Gretten, A. Gleason, the Resident Unit Manager, M. Levine, the OPT Unit Chief, Defendant Bridges, the Hearing Investigator, and Richard Russell, the Hearing Administrator.

## III. Discussion

### A. The suit must be dismissed against Defendants Washington, and Warden Doe.

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, and Defendant John Doe, the Warden of the Macomb Correctional Facility, because plaintiff failed to allege any personal involvement by these defendants in the alleged unconstitutional deprivation.

A supervisory official like Washington or the warden cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official

"at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of the plaintiff's constitutional rights. *See Sarr v. Martin,* 53 F. App'x. 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* at 761–62. Moreover, Washington's failure to take action upon plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F.3d at 558.

Warden Doe is likewise not liable under § 1983 in his or her supervisory capacity for the alleged violation of plaintiff's rights, because plaintiff failed to allege that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

**B. The suit must be dismissed against Defendants Bridges and Russell.**

The complaint must also be dismissed against Hearing Investigator Bridges because he is immune from being sued for his actions in conducting prison

5

misconduct hearings. Prison hearings officers in Michigan are entitled to absolute judicial immunity from liability in a § 1983 suit challenging their actions in conducting an administrative hearing. *See Goldsmith v. Sharrett,* 614 F. App'x. 824, 827 (6th Cir. 2015); *see also Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). Plaintiff's suit against the hearing officer must be dismissed on the basis of absolute judicial immunity. Defendant Russell, as the M.D.O.C. Hearing Administrator, would also be immune from being sued for any actions undertaken in reviewing or refusing to reconsider or overturn the prison hearing officers' decisions. *See Williams v. Bournay*, 178 F.3d 1298 (Table), 1999 WL 196532, p. 2 (6th Cir. Mar. 22, 1999).

**C. The suit must be dismissed against defendants Jenkins-Grant, Levine, and Gleason.**

Plaintiff claims that defendants Jenkins-Grant, Levine, and Gleason increased his security level and ordered him sent to a prison with a higher security level based on inaccurate information that plaintiff had been convicted of smuggling at the misconduct hearing.

A prisoner has no right to be given a particular security level, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), nor does a prisoner have a constitutional right to placement in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The use of false or inaccurate information to increase a prisoner's security level thus fails to state a claim upon

which relief can be granted. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332–33 (6th Cir. 2001). The suit must be dismissed against Defendants Jenkins-Grant, Levine, and Gleason.

### D. Plaintiff states a potential claim for relief against the remaining defendants.

Plaintiff's claim that the remaining defendants filed a false prison misconduct ticket against him leading to the loss of disciplinary credits states a claim for relief under § 1983. *See Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) The case will continue against the remaining defendants.

## V. ORDER

The civil rights complaint is DISMISSED IN PART WITH PREJUDICE with respect to DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, HEIDI WASHINGTON, WARDEN "JOHN DOE," DEPUTY WARDEN R. JENKINS-GRANT, HEARING INVESTIGATOR BRIDGES, HEARING ADMINISTRATOR RICHARD RUSSELL, OPT CHIEF M. LEVINE, AND RUM GLEASON for failing to state a claim upon which relief can be granted. The case shall proceed against the remaining defendants, Sergeant Warner and Corrections Officer Gretten.

IT SO ORDERED.

Dated: December 11, 2019       s/Paul D. Borman
                  Paul D. Borman
                  United States District Judge