UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

       Plaintiff

v.

SERGEANT WARNER and
CORRECTIONS OFFICER
GRETTEN,

       Defendants.
_____/

Case No. 2:19-cv-10247
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**<u>OPINION and ORDER CONSTRUING PLAINTIFF'S JANUARY 29, 2020 MOTION TO EXPAND THE RECORD (ECF No. 23) AS A MOTION TO SUPPLEMENT HIS COMPLAINT (ECF No. 1) WITH EXHIBITS and GRANTING IN PART & DENYING IN PART SUCH MOTION</u>**

**I.    OPINION**

    **A.    Background**

Anthony Meeks (#176401) is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF).[1] He is serving a sentence imposed in state court on November 17, 1994. Case No. 94-0467 (Wayne County).

        **1.    MDOC Prisoner Discipline Police Directive**

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Mar. 9, 2020.

1

MDOC rule violations are classified as Class I, II or III misconducts. Among the Class I misconducts are smuggling (045) and substance abuse for marijuana (039). *See* MDOC PD 03.03.105A (effective July 1, 2018). Sanctions for a Class I misconduct include:

- A. Detention (punitive segregation), not to exceed 10 days for each violation or 20 days for all violations arising from a single incident.

- B. Toplock, not to exceed 30 days for each violation, but not to be combined with a detention sentence.

- C. Loss of privileges, not to exceed 30 days for each violation or 60 days for all violations arising from a single incident.

- D. Restitution and/or disgorgement of funds/ill-gotten gains.

MDOC PD 03.03.105D (effective July 1, 2018).

### 2. The alleged events of February 2017

Meeks's bunkmate at Macomb Correctional Facility (MRF), Hudgens, was cited for a December 22, 2016, smuggling violation. (ECF No. 23, PageID.87.) It seems that Meeks and Hudgens's cell at MRF was searched on February 18, 2017. (*Id.*; *see also* ECF No. 1, PageID.5.) A large amount of marijuana was found in the cell. (*Id.*) Hudgens was found guilty on February 27, 2017 and received 10 days of detention and 20 days loss of privileges. (*Id.*)

Meeks claims that he received a major misconduct for substance abuse – marijuana, for which he was found guilty on February 22, 2017. (ECF No. 1,

PageID.5-6.) Allegedly as a result of this determination, Meeks had a Security Reclassification Notice hearing on February 24, 2017, but the related MDOC form lists smuggling (045) as the misconduct charge at issue. (ECF No. 1, PageID.6; ECF No. 23, PageID.89.) On March 1, 2017, Meeks was reclassified to Level IV. (*Id.*)

Meeks claims he was transferred to Michigan Reformatory (RMI), where he filed a request for a rehearing. (ECF No. 1, PageID.6; ECF No. 23, PageID.81-82.) Hudgens provided an affidavit dated April 17, 2017, which Meeks sent to the Hearing Administrator / Rehearing Appeal Division. (*Id.*; *see also* ECF No. 23, PageID.88.) According to Meeks, his request for a rehearing was denied on April 28, 2017. (*Id.*)

### 3. *Meeks v. MDOC*, Case No. 17-000557-AA (Ingham County)

On July 25, 2017, Meeks appealed to the Ingham County Circuit Court by filing a complaint. (ECF No. 1, PageID.6-7.) On September 29, 2017, the appeal was dismissed pursuant to M.C.R. 7.113 ("Dismissal") for appellant's failure to pursue this appeal in conformity with court rules, which, according to Meeks, were subsections of M.C.R. 7.104 ("Filing Appeal of Right"). (*Id.*; *see also* ECF No. 23, PageID.82.)

Meeks's motions for reconsideration and reinstatement were denied on October 23, 2017. On October 26, 2017, the state circuit court denied Meeks's

motions for an application for interlocutory appeal and to amend for reconsideration for reinstatement. Then, on November 13, 2017, the state circuit court denied his application for leave to appeal.

Meeks filed a claim of appeal with the Michigan Court of Appeals on December 18, 2017. Case No. 341615 (Mich. App.) On January 31, 2018, the Michigan Court of Appeals dismissed Meeks's claim of appeal for lack of jurisdiction and explained:

> . . . the November 13, 2017 order of the circuit court on appeal from another tribunal is not appealable as a matter of right. MCR 7.203(A)(l )(a). At this time, appellant may seek to appeal that order by filing a delayed application for leave to appeal under MCR 7.205(G).

(*Id*.) On March 30, 2018, the Court of Appeals denied the motion for reconsideration and explained:

> Appellant has not established that a Department of Corrections hearing officer in a prison discipline case does not constitute a tribunal within the meaning of MCR 7.203(A)(l)(a). Further, MCL 791.254 regards rehearing within the Department of Corrections. It does not provide for an appeal of right to this Court.

(*Id*.)

On April 10, 2018, Meeks filed a delayed application for leave. Case No. 343250 (Mich. App.). However, on October 25, 2018, the Michigan Court of Appeals granted the motion to extend the time to cure his filing defects in this Court but denied the delayed application for leave to appeal for lack of merit in the grounds presented. (*Id*.) It seems that Meeks's motion for reconsideration

4

was returned as late, *i.e.*, it was due on November 15, 2018 but was filed on November 19, 2018. (*Id.*)

On November 30, 2018, the Court of Appeals received Meeks's correspondence maintaining that he had timely filed. (*Id.*) However, a letter dated December 21, 2018, seemingly from the Michigan Supreme Court, explained that the application was received too late. (*Id.*)[2]

B.   **Instant Case**

Meeks is or has been a party to several cases before this Court.[3] He filed the instant case on January 24, 2019, while incarcerated at RMI. (ECF No. 1.) The facts underlying the instant case stem from the alleged events of February 2017 at MRF. (ECF No. 1, PageID.5-9.) On February 19, 2019, the Court entered an opinion and order dismissing the complaint pursuant to 28 U.S.C. §

---

[2] Additionally, on March 4, 2019, Plaintiff filed a delayed application for leave to appeal, which seemingly concerned a May 3, 2018 letter from an Ingham County Circuit Court law clerk. On April 16, 2019, the Court of Appeals dismissed the delayed application for leave to appeal for lack of jurisdiction, and, on June 12, 2019, the motion for reconsideration was denied. Case No. 347871 (Mich. App.). On July 29, 2019, the Michigan Supreme Court denied Meeks's application for leave to appeal. Case No. 159551 (Mich.).

[3] *See, e.g., Meeks v. Robinson*, Case No. 2:98-cv-74777-DPH (habeas corpus); *Meeks v. Bauman*, Case No. 2:15-cv-11821-LJM-EAS (habeas corpus); *Meeks v. Campbell, et al.*, Case No. 3:19-cv-10868-RHC-EAS (prisoner civil rights); and, *Meeks v. MDOC, et al.*, Case No. 2:19-cv-12506-GCS-RSW (prisoner civil rights).

1915(g). *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 670080 (E.D. Mich. Feb. 19, 2019) (Borman, J.).

On June 18, 2019, the Sixth Circuit granted Meeks's motion to proceed *in forma pauperis*. (ECF No. 10.) On November 1, 2019, the Sixth Circuit vacated the district court's order and remanded for further proceedings. (ECF No. 11.) The mandate issued on November 25, 2019. (ECF No. 12.) *See also* Case No. 19-1320 (6th Cir.).

Meeks was permitted to proceed in this Court *in forma pauperis*. (ECF No. 13.) On December 11, 2019, the Court partially dismissed the complaint, *i.e.*, it dismissed the case with prejudice as to several defendants but also provided that "[t]he case shall proceed against the remaining defendants, Sergeant Warner and Corrections Officer Gretten." *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 6728357, at *3 (E.D. Mich. Dec. 11, 2019) (Borman, J.).[4]

Plaintiff's case was stayed and referred to the *Pro Se* Prisoner Early Mediation Program, and the Attorney General entered a limited appearance as to

---

[4] The complaint endeavors to identify ten (10) Defendants. (ECF No. 1, PageID.3.) The Court's December 11, 2019 order specifically dismisses seven (7) Defendants but permits the case to "continue against the remaining defendants[,]" who the Court later explains are Warner and Gretten. (ECF No. 14, PageID.59-62.) Although the order does not expressly mention Defendant "John or Jane Doe et al Inspector" at MRF, the claims against this individual were also apparently dismissed, because the Clerk terminated this Defendant when it entered the December 11th order.

Warner and "Getter," which is, perhaps, the correct spelling of this Defendant's name. (ECF Nos. 15, 19.) Ultimately, on February 4, 2020, the Court entered an order granting Defendants' motion to exclude this case from the *Pro Se* Prisoner Early Mediation Program. (ECF Nos. 20-22.)

It was then necessary to effect service of this lawsuit upon each of the Defendants. Accordingly, the Clerk of the Court prepared the appropriate paperwork, and, on February 10, 2020, the United States Marshal Service (USMS) acknowledged receipt of documents for service of process upon Gretten and Warner at MRF. (ECF No. 25.)

C.   **Discussion**

Currently before the Court is Plaintiff's January 29, 2020 "motion to expand the record" pursuant to M.C.R. 6.435(D) and M.C.R. 6.507, which are state criminal procedure rules that concern "correction during appeal" and "expansion of record." (ECF No. 23.) Preliminarily, I note that "[t]he *Federal* Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 459 (6th Cir. 1986) (emphasis added).

Nonetheless, the Court will address what amounts to two prayers for relief in this filing. First, to the extent Plaintiff seeks to expand the record (ECF No. 23,

7

PageID.79-80) − effectively by submitting copies of Hudgens's Class I Misconduct Hearing Report dated February 27, 2017 (ECF No. 23, PageID.87), Hudgens's April 17, 2017 notarized "affidavit" (ECF No. 23, PageID.88), and Meeks's March 1, 2017 Security Reclassification Notice (ECF No. 23, PageID.89) − the motion is **GRANTED**.  As cited above, each of these items has already assisted the Court in its understanding of the events underlying Plaintiff's complaint.

Second, Plaintiff's filing includes several other pages, which are labeled "facts," "argument," and "relief."  (ECF No. 23, PageID.81-86.)  Notwithstanding Plaintiff's various arguments, and looking to the prayer for relief, to the extent Plaintiff's January 20, 2020 filing asks this Court to reverse the dismissals or denials by the MDOC/MRF, the Ingham County Circuit Court, the Michigan Court of Appeals, or the Michigan Supreme Court (ECF No. 23, PageID.86), this particular request is **DENIED**, as are Plaintiff's requests for "everything that [he] lost or would [have] earn[ed][,]" and an "award [of] taxable cost[s] to the prevailing party."  Once Defendants Gretten and Warner appear, this case will proceed as to those portions of Plaintiff's complaint that survived the Court's order of partial dismissal.  (ECF Nos. 1, 14.)

## II.     ORDER

Accordingly, Plaintiff's January 29, 2020 motion to expand the record (ECF No. 23), which is **CONSTRUED** as a motion to supplement his complaint (ECF No. 1) with exhibits, is **GRANTED IN PART** and **DENIED IN PART**.  In light of Plaintiff's *pro se* status, his request has been liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]").  Still, even though not represented by counsel, Plaintiff is expected to comply with procedural rules.  *See*, *e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Therefore, Plaintiff is hereby cautioned that any future filings must comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, and the Undersigned's Practice Guidelines, each of which is accessible via the Court's website (www.mied.uscourts.gov).

**IT IS SO ORDERED.**

Dated:  March 13, 2020             s/*Anthony P. Patti*
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE