UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

       Plaintiff

v.

JAMES WARNER and
DAVID GETTER,

       Defendants.
_____/

Case No. 2:19-cv-10247
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER DIRECTING THE CLERK OF THE COURT TO CORRECT THE SPELLING OF DEFENDANTS' NAMES and DENYING AS MOOT PLAINTIFF'S JUNE 29, 2020 MOTIONS (ECF No. 35 and 36)

**I.   OPINION**

    **A.   Background**

Anthony Meeks (#176401) is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF).[1]  He filed the instant case on January 24, 2019, while he was incarcerated at Michigan Reformatory (RMI), although the facts underlying this case stem from the alleged events of February 2017 at Macomb Correctional Facility (MRF).  (ECF No. 1, PageID.5-9.)

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Nov. 9, 2020.

On February 19, 2019, the Court entered an opinion and order dismissing the complaint pursuant to 28 U.S.C. § 1915(g). *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 670080 (E.D. Mich. Feb. 19, 2019) (Borman, J.). However, on November 1, 2019, the Sixth Circuit vacated the district court's order and remanded for further proceedings. (ECF No. 11.) The mandate issued on November 25, 2019. (ECF No. 12.) *See also* Case No. 19-1320 (6th Cir.).

### B.  There are only two remaining, active Defendants.

Meeks was permitted to proceed in this Court *in forma pauperis*. (ECF No. 13.) On December 11, 2019, the Court partially dismissed the complaint, *i.e.*, it dismissed the case with prejudice as to several defendants but also provided that "[t]he case shall proceed against the remaining defendants, Sergeant Warner and Corrections Officer Gretten." (ECF No. 14.) *See also Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 6728357, at *3 (E.D. Mich. Dec. 11, 2019) (Borman, J.). Plaintiff's case was stayed and referred to the *Pro Se* Prisoner Early Mediation Program, and the Attorney General entered a limited appearance as to Warner and "Getter," which appears to be the correct spelling of this Defendant's name. (ECF Nos. 15, 19.) Ultimately, on February 4, 2020, the Court entered an order granting Defendants' motion to exclude this case from the *Pro Se* Prisoner Early Mediation Program. (ECF Nos. 20-22.)

On February 6, 2020, Judge Borman referred Plaintiff's case to me for pretrial matters. (ECF No. 24.) It was then necessary to effect service of this lawsuit upon each of the Defendants. Accordingly, the Clerk of the Court prepared the appropriate paperwork, and, on February 10, 2020, the United States Marshal Service (USMS) acknowledged receipt of documents for service of process upon Gretten (Getter) and Warner at MRF. (ECF No. 25.) The executed waivers of service reveal that Defendants' correct names are James Warner and David Getter, as does defense counsel's appearance. (ECF Nos. 27, 28, 29.) For this reason, the Clerk of the Court **SHALL** update the docket to reflect the correct spelling of Defendants' names.

### C.   Pending Motions

Currently before the Court are multiple motions: (1) Defendants Getter and Warner's April 13, 2020 motion to dismiss or, in the alternative, for summary judgment (ECF No. 31), regarding which a response and a reply have been filed (ECF Nos. 32, 39, 40);[2] (2) Plaintiff's May 7, 2020 motion for summary judgment (ECF No. 33),[3] which purports to be a response to Defendants' dispositive motion and regarding which Defendants have filed a response (ECF No. 34); (3)

---

[2] Although the response (ECF No. 39) was filed effective August 25, 2020, it was not entered on the docket until October 2, 2020.

[3] Although Plaintiff's dispositive motion (ECF No. 33) was post-marked May 7, 2020, it was not entered on the docket until June 23, 2020.

Plaintiff's June 29, 2020 motion to amend or supplement the pleadings (ECF No. 35), which mentions discovery requests and regarding which Defendants have filed a response (ECF No. 38); and, (4) Plaintiff's June 29, 2020 motion to compel discovery (ECF No. 36), regarding which Defendants have filed a response (ECF No. 38).

### D.  Discussion

Here, the Court considers Plaintiff's two June 29, 2020, discovery-related motions.  The first is offered as a "motion to amend[] and supplement[] pleadings," and purports to be based on Fed. R. Civ. P. 15.  Substantively, it seems that Plaintiff wishes to *amend or supplement the record* with various February 5, 2020 discovery requests, which he claims defense counsel received on February 14, 2020 but as to which he claims that Defendants' responses are overdue and objections have been waived.  (ECF No. 35, PageID.298-299 ¶¶ 1-7; *see also id.*, PageID.300-304 [Brief], PageID.305-306 [Declaration].)  Plaintiff requests an order compelling Defendants to serve Plaintiff with answers/responses.  (ECF No. 35, PageID.299.)

Attached to the second – *i.e.*, the motion to compel discovery – are multiple discovery requests, each of which is dated February 5, 2020.  (ECF No. 36, PageID.313-332 [Int. Nos. 1-9, Doc. Req. Nos. 1-13, and Req. for Adm. Nos. 1-17].)  Plaintiff contends that Defendants have not objected or responded to

4

Plaintiff's discovery requests. (*Id.*, PageID.308-309.) He argues that Defendants have waived their objections by failing to timely respond and that the discovery sought is relevant to the claims and defenses in this case. (*See* ECF No. 36, PageID.309-311.) Finally, Plaintiff asserts that "the material sought . . . should be produced." (*Id.*, PageID.311-312.)

Upon consideration, Plaintiffs' discovery-related motions will be denied as moot. First, Plaintiff does not need the Court's permission to submit copies of discovery requests in support of a motion to compel answers to same. E.D. Mich. LR 37.2 ("Form of Discovery Motions") ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

Second, at the time Plaintiff originally served these discovery requests, Defendants Getter and Warner had yet to be served with this lawsuit. Although Plaintiff filed the case in January 2019, it was dismissed in February 2019, appealed in March 2019, and remanded to this Court in November 2019. (ECF Nos. 1, 5, 6, 11.) Then, the case was stayed from December 12, 2019 to February 4, 2020, on which date the Court excluded this case from the *pro se* early prisoner mediation program. (ECF Nos. 15, 22.) Although Plaintiff's discovery requests

are dated February 5, 2020, by a letter dated February 16, 2020, defense counsel returned the discovery requests to Plaintiff, explaining that his limited appearance ended when the Court granted Plaintiff's motion to exclude the case from the Early Mediation Program and that he was not authorized to accept service. (ECF No. 38-2, PageID.342-347.) Thereafter, on February 12, 2020, the U.S. Marshals Service (USMS) attempted service (ECF Nos. 25, 27, 28) and, *on April 13, 2020*, Defendants Warner and Getter appeared. (ECF Nos. 29-31).

Third, it seems that, when defense counsel received these discovery requests post-appearance, Defendants served timely answers/responses. Specifically, defense counsel claims to have received apparently identical discovery requests from Meeks on July 1, 2020. Stated otherwise, at the time Plaintiff mailed his motions on June 29, 2020, Defendants had yet to receive the underlying discovery requests. (ECF No. 38, PageID.338-339; ECF No. 38-3.) On July 30, 2020, Defendants served answers and/or responses to Interrogatory Nos. 1-9, Document Request Nos. 1-13, and Request for Admission Nos. 1-17. (ECF No. 38-4, PageID.372-385.) Assuming these representations to be true, which it does in the absence of a reply or contrary evidence, such responses were timely. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3).

Finally, and perhaps most importantly, the Court suspects that Plaintiff is satisfied with Defendants' July 30, 2020 answers / responses. If Plaintiff sent

6

copies of the instant motions only to the Court (*i.e.*, not to Defendants or their counsel) (*see* ECF No. 37), Defendants would be deemed to have received the June 29, 2020 motions on the date they were docketed, *i.e.*, August 4, 2020.  (*See also* ECF No. 38, PageID.336 n.1.)  They would have had 14 days after service within which to file their response, E.D. Mich. LR 7.1(e)(2)(B), and they did so on August 18, 2020 (ECF No. 38).  The fact that Plaintiff did not file a reply to either of his discovery-related motions – a deadline which expired long ago, E.D. Mich. LR 7.1(e)(2)(C) – supports a conclusion that Plaintiff is satisfied with, or has no objection to, the July 30, 2020 discovery answers and/or responses.

## II.     ORDER

Accordingly, Plaintiff's June 29, 2020 motions (ECF Nos. 35 and 36) are **DENIED AS MOOT**.[4]  The remaining motions (ECF Nos. 31, 33) will be addressed under separate cover.

**IT IS SO ORDERED.**

Dated:  November 12, 2020

Anthony P. Patti
U. S. MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).